# In the United States Court of Federal Claims

No. 19-104C
(Filed: May 14, 2019)
NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| LARRY GOLDEN, | Takings; takings of intangible patented subject matter; 28 U.S.C. § 1491 (2012); 28 U.S.C. § 1498(a) (2012); subject matter jurisdiction; duplicate claims. |
| *Plaintiff,* | |
| v. | |
| THE UNITED STATES, | |
| *Defendant.* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Pending before the court is defendant's motion to dismiss plaintiff's complaint under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims. The motion is fully briefed. Oral argument is deemed unnecessary. The court grants defendant's motion, because plaintiff's complaint alleges a duplicative claim over which this court lacks jurisdiction and which also fails to state a claim.

The duplicate claims arise in a different proceeding, *Golden v. United States*, No. 13-307C. In that action, Mr. Golden first alleged in 2013 that the government was infringing one of his patents under 28 U.S.C. § 1498(a) (2012).[1] The court permitted Mr. Golden to amend his complaint four times over the next four years, and Mr. Golden added more patents and claims of infringement with each amendment. After plaintiff alleged for the first time in an amended complaint that the United States had "taken" the subject matter of his at least six of his patents, the court stayed his takings claims to consider the patent infringement allegations first, because the claims appeared to duplicate each other.

---

[1] The background facts are drawn from the briefing on this motion and the procedural history developed in *Golden*, No. 13-307C.

Amid amended complaints and procedural motions, the government petitioned for *inter partes review* ("IPR") of plaintiff's '990 Patent, just one of many patents involved in these cases, before the USPTO Patent Trial and Appeal Board. The PTAB decided to initiate IPR of three independent claims of the '990 Patent. Mr. Golden made a non-contingent motion to amend those claims. The PTAB's final decision granted Mr. Golden's motion to amend, which resulted in cancellation of those three independent claims of the '990 Patent. The PTAB denied plaintiff's request for rehearing.

After plaintiff's fourth amended complaint, the government moved to dismiss certain of Mr. Golden's patent infringement claims. The court denied that motion because plaintiff had stated sufficient facts to survive a motion to dismiss. Plaintiff sought to amend his complaint yet again. The court permitted plaintiff to file a fifth complaint comprehensively stating his claims against the United States. His 2017 final complaint alleged seventy-two patent infringement counts involving approximately ten patents, along with takings claims paralleling each patent infringement claim. *Golden*, No. 13-307C, ECF No. 120. Defendant moved to partially dismiss that complaint. The court granted defendant's motion, dismissing many of plaintiff's patent infringement claims. Mr. Golden appealed the dismissal to the Federal Circuit. The Federal Circuit dismissed the appeal. Mr. Golden next petitioned the Federal Circuit for a writ of mandamus, which the Federal Circuit denied.

*Golden*, No. 13-307C, was transferred to this judge in September 2018. The court has since lifted the stay on consideration of plaintiff's takings claims. The government filed a motion to dismiss plaintiff's takings claims and the court granted that motion. *See* Order of May 8, 2019. The court also determined how many patent infringement allegations remain and dismissed counts that relied solely on dependent patent claims. Mr. Golden's remaining patent infringement claims in the related action are awaiting claim construction.

Mr. Golden filed the present claim on January 17, 2019, alleging that, under 28 U.S.C. § 1491(a), he is entitled to compensation for the unauthorized use "for and by the United States, of inventions described in and covered by [several] United States Patent[s]." Compl. 1. Plaintiff alleges that his claim arises out of the Takings Clause of the Fifth Amendment of the United States Constitution and that various arms of the government, including the Department of Justice, Department of Homeland Security, this court, the Federal Circuit, and the PTAB, have taken the subject matter of his patents. The court consolidated this action with *Golden*, No. 13-

2

307C, on January 29, because the two claims share questions of law and fact.

Plaintiff's complaint, in large part, repeats the substance of his original takings claims in *Golden*, No. 13-307C. For instance, the jurisdiction section of both complaints alleges unauthorized use by the United States of the same patents. *Comp.* Compl. 3 *with Golden*, No. 13-307C, Compl. ¶ 3. He simply adds allegations that this court, the PTAB, and the Federal Circuit, in addition to the other accused entities, have also "taken" the subject matter of his patents.

"A trial court has discretion to dismiss a complaint which simply duplicates another pending related action." *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1577 (Fed. Cir. 1991). Mr. Golden's complaints repeat the same substantive allegations that the United States has "taken," through unauthorized use, the subject matter of his patents. Because Mr. Golden's takings claims are duplicates, we dismiss the complaint to the extent that it alleges the same takings dismissed in *Golden*, No. 13-307C.

Even if plaintiff's complaint did not duplicate his other pending action, we must also dismiss plaintiff's takings claim for lack of subject matter jurisdiction under Rules 12(b)(1) and 12(h). Plaintiff, even though he is proceeding *pro se*, must demonstrate that the court has jurisdiction over his claim. *Reynolds v. Army & Air Force Exchange Serv.*, 846 F.2d 746, 747-48 (Fed. Cir. 1988). The court accepts as true plaintiff's factual allegations but is not required to credit conclusory or frivolous statements. *Id.*; *see also Bell v. Hood*, 327 U.S. 678, 682 (1946).

As discussed in our order granting defendant's motion to dismiss the takings claims in *Golden*, No. 13-307C, plaintiff cannot label what amounts to a patent infringement claim a "taking" in order to proceed under this court's Tucker Act jurisdiction. The Supreme Court first held that the Tucker Act did not waive the United States' sovereign immunity for the unauthorized use of a patent in 1894. *Schillinger v. United States*, 155 U.S. 163, 168-69 (1894). Congress thereafter passed the predecessor to 28 U.S.C. § 1498(a), waiving sovereign immunity with respect to certain patent claims against the United States. Since then, patent infringement claims are pursued exclusively under § 1498(a). *Zoltek v. United States*, 442 F.3d 1345, 1350-53 (Fed. Cir. 2006) (reciting the history between *Schillinger* and § 1498 and finding that *Schillinger* remains the law), *vacated on other grounds*, 672 F.3d 1309 (Fed. Cir. 2012) (en banc). In his response, plaintiff in fact relies on *Christy, Inc. v. United States*, 141 Fed. Cl. 641, 657-60 (2019) in which this court found that "patent rights are not cognizable property interests for

3

Takings Clause purposes." This court does not have jurisdiction to decide claims for patent infringement under the Tucker Act.[2]

Finally, as we held in the related action, plaintiff fails to state a claim to the extent that his complaint alleges a taking by the actions of this court, the Federal Circuit, or the PTAB. When considering a motion to dismiss under Rule 12(b)(6), the court takes factual allegations as true and makes reasonable inferences in plaintiff's favor, but plaintiff's complaint must plead facts that demonstrate "plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[L]abels and conclusions" are not sufficient to state a claim. *Twombly*, 550 U.S. at 555. Here, plaintiff must at least point to "a cognizable Fifth Amendment property interest" and a "government[] action that amount[s] to a compensable taking of that interest." *Casitas Mun. Water Dist. v. United States*, 708 F.3d 1340, 1348 (Fed. Cir. 2013).

Plaintiff appears to argue that the cancellation of his '990 independent claims in the IPR at the PTAB constitutes a taking by the PTAB. Setting aside whether an action by the PTAB could ever constitute a government taking, plainly the cancellation was the result of Mr. Golden's voluntary amendment of his claims. Nor could the actions of the Federal Circuit and this court result in a taking of patent rights. Both courts *adjudicate* rights in patents, and, in any event, as Mr. Golden himself notes, both courts have allowed his patent claims to continue in Docket No. 13-307C.

In sum, plaintiff's takings claim duplicates his related patent action in Docket No. 13-307C, asserts claims over which this court does not have jurisdiction, and fails to state a takings claim. Defendant's motion is granted pursuant to Rule 12(b)(1) and 12(b)(6). Plaintiff's complaint is therefore dismissed. The Clerk is directed to enter judgment accordingly.

ERIC G. BRUGGINK
Senior Judge

---

[2] Plaintiff is not without recourse. His remaining patent infringement claims are moving on to claim construction. *Golden*, No. 13-307C, May 8, 2019 Order at 5.

7018 0040 0001 1393 4304